**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN (CINCINNATI) DIVISION**

| | |
|---|---|
| JAMES W. WEAVER, <br><br> Plaintiff, <br><br> v. <br><br> MARINER FINANCE, LLC, <br><br> Defendant. | CASE NO. <br><br> **COMPLAINT FOR VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. §227 et. seq.** <br><br> **INVASION OF PRIVACY – INTRUSION UPON SECLUSION** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff James W. Weaver ("Plaintiff") brings this suit against Mariner Finance, LLC ("Defendant") to recover the damages owed to him because of the Defendant's violation of the Telephone Consumer Protection Act 47 U.S.C. §227, *et seq.* (hereinafter "TCPA"), which prohibits the use of automated dialing equipment when making calls to consumers, and for Invasion of Privacy – Intrusion Upon Seclusion, as derived from §652B of the Restatement (Second) of Torts.  §652B prohibits an intentional intrusion, "physically or otherwise, upon the solitude or seclusion of another…that would be highly offensive to a reasonable person.

## **PARTIES**

1. Plaintiff is an adult male consumer presently residing within Scioto County, Ohio, which is located within the Southern District of Ohio.

2. Plaintiff is a natural "person" as defined by 47 U.S.C. §153(39).

3. Defendant, a wholly owned subsidiary of 1st Mariner Bancorp, is a financial services company providing personal loans to consumers with bad credit. Defendant's corporate headquarters is located at 8211 Towne Center Drive, Nottingham, MD 21236 and regularly conducts business in the State of Ohio.

4. Defendant is a "person" as defined by 47 U.S.C. §153(39).

5. Defendant regularly uses mail, email and telephone to collect consumer debts in the State of Ohio.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, representatives and insurers at all times relevant to the instant action.

## JURISDICTION AND VENUE

7. Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1337 and 1367, and 15 U.S.C. § 1681 as the action arises under the laws of the United States.

8. The venue is proper pursuant to 28 U.S.C. §1391(b)(1) as Defendant conducts business in the Southern District of Ohio and a substantial portion of the events or omissions giving rise to the claims occurred within the Southern District of Ohio.

## FACTUAL ALLEGATIONS

9. Plaintiff reserves the right to amend as pertinent facts may become known.

10. Plaintiff brings this action against Defendant for its abusive and outrageous conduct in connection with debt collection activity, as Defendant contacted Plaintiff over 20 times after receiving a notice of attorney representation, all sent through certified mail.

11. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

12. The TCPA was designed to prevent calls like the ones described herein, and to protect the privacy of citizens like Plaintiff, and by enacting the TCPA, Congress intended to give consumers a choice as to how corporate entities may contact them and to prevent the nuisance associated with automated or prerecorded calls.

13. The debt at issue is consumer debt.

14. Plaintiff received a personal loan from Defendant sometime in late-2020/early-2021.

15. The loan extended to Plaintiff was primarily for personal, family or household purposes.

16. Defendant has been attempting to collect on a debt that originated from monetary credit that was extended primarily for personal, family, or household purposes.

17. Because Plaintiff, a natural person allegedly obligated to pay money to Defendant rising from what Plaintiff is informed and believes was a consumer credit transaction.

18. Plaintiff is informed and believes Defendant is one who regularly collects or attempts to collect debts on behalf of themselves.

19. Plaintiff's account was an unsecured loan account and Plaintiff began making payments on the account soon after opening the account and making purchases/charges.

20. Plaintiff eventually became financially unable to continue making payments on his account.

21. Defendant began contacting Plaintiff to inquire about the status of the account and to collect payment.

22. Plaintiff subsequently retained counsel to assist in dealing with Defendant's account and to seek some type of financial relief.

23. Counsel for Plaintiff sent Defendant a certified letter confirming representation of Plaintiff and informing Defendant that it was to no longer contact Plaintiff directly and that all calls/letters/collection efforts were to no longer be directed at Plaintiff.

24. The contents of the letter also informed Defendant that Plaintiff was withdrawing his consent to be contacted on his cellular telephone.

25. Plaintiff's notice was sent to Defendant on July 22, 2021 via certified mail.  Defendant received the certified notice on July 27, 2021.

26. Defendant continued to call Plaintiff after the July 22, 2021 certified notice of representation and revocation of consent was sent.

27. Defendant diligently continued to call Plaintiff's cell phone multiple times each day.

28. Defendant would use an automatic dialing machine when placing the calls to Plaintiff.

29. Defendant would use a pre-recorded voice when calling Defendant.

30. Defendant would leave pre-recorded messages for Plaintiff.

31. Defendant's autodialing machine contains the capacity to randomly dial numbers.

32. Plaintiff was contacted repeatedly regarding non-payment of the debt owed to Defendant despite Defendant being notified that Plaintiff had retained counsel to deal specifically with the debt owed to Defendant.

33. Defendant's calls were frequent in nature and continued despite receiving written notice that Plaintiff was represented by an attorney and that all calls to Plaintiff's cellular telephone were to stop.

34. Plaintiff received over 20 pre-recorded calls after the July 22, 2021 certified letter was received by Defendant.

## FIRST CLAIM FOR RELIEF

### VIOLATIONS OF THE TCPA

35. Plaintiff repeats and alleges paragraphs 1 through 34 as though fully set forth herein.

36. Defendant was informed that Plaintiff revoked his consent to be contacted by Defendant in July of 2021.

37. Defendant called Plaintiff repeatedly since Plaintiff withdrew his consent to be contacted by an automatic dialing machine on his cellular telephone.

38. Defendant ignored the notice, sent through certified mail, and continued to contact Plaintiff on his cellular telephone.

39. The certified notice was unequivocal in its language regarding attorney representation and revocation of consent.

40. Consequently, Defendant had "actual" knowledge of its violation of the TCPA.

41. Alternatively, Defendant should have known its conduct violated the TCPA.

42. Defendant continued to use a pre-recorded voice when placing unauthorized calls to Plaintiff's cellular telephone.

43. Defendant would contact Plaintiff multiple times each day regarding payment on the accounts.

44. Defendant placed the above cited calls using an artificial or prerecorded voice to deliver the collection messages without Plaintiff's prior express consent.

45. Defendant contacted Plaintiff at least 20 (twenty) times after he revoked his consent to be contacted on his cellular telephone and informed Defendant he was represented by counsel.

46. Defendant Plaintiff was still contacted multiple times each day on his cellular telephone despite receiving notice of Plaintiff's revocation of consent.

47. These calls were made to Plaintiff's cellular telephone and were not calls for an emergency purposed as defined by 47 U.S.C. §227(b)(1)(A)(iii).

48. The calls Plaintiff received were pre-recorded or used an artificial voice.

49. Plaintiff expressly revoked any consent that may have previously been given to Defendant to be contacted by an automatic dialing machine in July of 2021.

50. The calls placed by Defendant were willful and made despite having knowledge that Plaintiff revoked his consent to be contacted by Defendant on his cellular telephone.

51. These telephone calls by Defendant, or its agent, violated 47 U.S.C. §227(b)(1)(A)(iii).

## SECOND CLAIM FOR RELIEF

### INVASION OF PRIVACY – INTRUSION UPON SECLUSION

52. Plaintiff repeats and realleges paragraphs 1 through 51 as though fully set forth herein.

53. The Restatement of the Law, Second, Torts §652B defines intrusion upon seclusion as, "[o]ne who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs

or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

54. According to findings by the FCC, the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

55. Defendant intentionally interfered, physically or otherwise, with the solitude and seclusion of Plaintiff, namely by engaging in unlawful and intrusive communications.

56. Defendant intentionally caused harm to Plaintiff's emotional well-being by engaging in highly offensive conduct in the course of collecting its debt, and thereby invaded and intruded upon Plaintiff's rights to privacy.

57. Plaintiff has a reasonable expectation of privacy in his solitude, seclusion, and/or private concerns and affairs.

58. These intrusions and invasions against Plaintiff by Defendant occurred in a way that would be highly offensive to a reasonable person in that position.

59. Defendant received notice stating that it was no longer to contact Plaintiff as he was represented by counsel and revoked his consent to be contacted on his cellular telephone.

60. As a result of such invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rules of Civil Procedure 38, Plaintiff hereby demands a trial by jury for all issues of triable by jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff James W. Weaver, seeks to recover the following damages and obtain relief against Defendant as follows:

a.  Declare the practices complained about herein to be unlawful and violate the

aforementioned bodies of law;

b.      Awarding Plaintiff statutory damages of $1,500.00 pursuant to 47 U.S.C. §227(b)(3)(C) for each and every violation;

c.      Pursuant to 47 U.S.C. §227(b)(3)(A), awarding Plaintiff injunctive relief prohibiting such conduct in the future;

d.      Awarding Plaintiff actual and punitive damages for Defendant's intrusion upon Plaintiff's seclusion;

e.      Awarding Plaintiff reasonable attorney fees and costs to be paid by Defendant, and

f.      Awarding any other relief as this Honorable Court deems just and proper.

Dated: January 11, 2021                    Respectfully submitted,
                                           s/ _Guylynn Cook_____    (Lead Attorney)
                                           Guylynn Cook, Ohio Bar # 0087311
                                           Recovery Law Group, APC
                                           309 W. 11th Street
                                           Anderson, IN 46016
                                           (614) 312-4842 (phone)
                                           (866) 286-8433 (fax)
                                           Gcook@recoverylawgroup.com